## National Surety Company, Plaintiff in Error, v. Goldenberg Furniture Company, Defendant in Error.

### Gen. No. 21,535.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed February 7, 1917.

## Statement of the Case.

Action by National Surety Company, a corporation, plaintiff, against Goldenberg Furniture Company, a corporation, defendant, to recover under a contract of indemnity for any moneys paid to the Peoples Gas Light & Coke Company under the terms of a bond which plaintiff signed as surety. From a judgment for defendant, plaintiff brings error.

The defendant was collector, without compensation, of bills of the Peoples Gas Light & Coke Company, agreeing in its contract to account for and turn over each day all moneys collected. It gave bond to secure performance of such agreement, with the plaintiff as surety thereon, and by contract with plaintiff it was to indemnify plaintiff for any moneys paid by it as such surety. Collections to the amount of $538.26 were made December 6, 1913, the money placed in the defendant's vault, and its check for the amount mailed to the Peoples Gas Light & Coke Company the same day. That night persons unknown to defendant and without its fault or negligence broke into the vault and stole the identical money collected. The defendant stopped payment on its check. The plaintiff on January 8, 1914, believing in good faith, that it was liable, paid the full amount to the gas company, demanded reimbursement of defendant, and on refusal brought suit.

National Surety Co. v. Goldenberg Furniture Co., 203 Ill. App. 362.

CHARLES H. BURRAS, for plaintiff in error.

EBEN F. RUNYAN, for defendant in error.

MR. JUSTICE GOODWIN delivered the opinion of the court.

## Abstract of the Decision.

1. TRUSTS, § 3*—*when trust created in money collected by agent.* Under a contract whereby a collector agreed to account for and turn over each day all money collected during the preceding twenty-four hours, *held* that such money was in the possession of the collector as a trustee and not as a debtor of the party for whom it was collected, and the fact that the collector sent his personal check for the amount to such party does not alter their relation into one of debtor and creditor.

2. TRUSTS, § 272*—*when trust fund may be followed.* Money held in trust, for the amount of which the trustee sends his personal check in payment to the owner, remains the property of the owner until the check is cashed, and the owner would have been entitled to follow and recover it even if not deposited in a bank to the general credit of the trustee.

3. TRUSTS, § 140*—*when custodian of money is discharged from liability to owner by theft of money.* Where a collector holding the money collected by him for immediate payment to the owner placed the money in his vault and sent his personal check for the amount to the owner, and without his fault the money was stolen, *held* that he would be discharged from his liability to the owner by reason of such theft and might properly stop payment on the check, distinguishing the case of *Geist v. Pollock*, 58 Ill. App. 429.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.